KEVIN W. ALEXANDER (SBN 175204)
YUO-FONG C. AMATO (SBN 261453)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:   (619) 696-6700
Facsimile:   (619) 696-7124

Attorneys for Defendant
RICKENBACKER GROUP, INC., d.b.a.
RICKENBACKER COLLECTION SERVICES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA S. ALLEN, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>RICKENBACKER GROUP, INC., d.b.a. RICKENBACKER COLLECTION SERVICES<br><br>Defendant. | CASE NO. 09-CV-00410-L-POR<br><br>**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)** |

Defendant RICKENBACKER GROUP, INC., d.b.a. RICKENBACKER COLLECTION SERVICES ("Defendant") hereby responds to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff brought this action through her attorneys for damages, and any other available legal or equitable remedies, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 2 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

-1-
ANSWER TO COMPLAINT

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 6 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

7. Defendant admits that it is, and at all times mentioned in the Complaint was, a business whose primary address is 15005 Concord Circle, Morgan Hill, CA 95037. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 8 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

9. Defendant admits that it is a corporation, and that 47 U.S.C. § 153(10) includes a "corporation" as a "person".

10. Defendant admits that it conducted business in Morgan Hill, California, and denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Plaintiff telephoned Defendant and spoke with a representative of Defendant. Defendant lacks sufficient information or belief to answer the remaining allegations of Paragraph 11 of the Complaint, and on that ground, denies each and every remaining allegation of that paragraph.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies that it contacted Plaintiff via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). Defendant admits that Plaintiff and Defendant spoke on subsequent occasions. Defendant lacks sufficient information or belief to answer the remaining allegations of Paragraph 13 of the Complaint, and on that ground, denies each and every remaining allegation of that paragraph.

///

14. Defendant admits that a prerecorded message was utilized in limited circumstances. Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 15 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

16. Defendant lacks sufficient information or belief to answer the allegations of Paragraph 16 of the Complaint, and on that ground, denies each and every allegation of that paragraph.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff brings this action on behalf of herself. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Defendant, its employees and agents are excluded from the purported class and the subclass. Defendant denies the remaining allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies that Plaintiff is entitled to expand the class and subclass definitions to seek recovery on behalf of additional persons. Defendant lacks sufficient information or belief to answer the remaining allegations of Paragraph 25 of the Complaint, and on that ground, denies each and every remaining allegation of that paragraph.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks sufficient information or belief to answer the allegations of
Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

ANSWER TO COMPLAINT

1  Paragraph 30 of the Complaint, and on that ground, denies each and every allegation of that
2  paragraph.
3      31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.
4      32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## CAUSES OF ACTION

### COUNT 1
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

33. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

### COUNT 2
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

37. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure ("FRCP"), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2. The Complaint and each cause of action contained therein fail to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

3. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members are estopped by reason of their own conduct, acts or omissions, to recover on any claims they may have had against Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

4. The Complaint and each cause of action contained therein are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members had a duty to take reasonable steps to mitigate and/or avoid their alleged damages. Defendant, on information and believe, alleges that Plaintiff and the purported class and subclass members failed to take any steps or delayed unreasonably in doing so. Had Plaintiff and the purported class and subclass members timely and diligently taken reasonable steps to mitigate and/or avoid their alleged damages, such alleged damages, if any, would have been reduced or avoided altogether.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. The Complaint and each cause of action contained therein are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

7. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members provided express or implied consent, or consented as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE
(Ratification)

8. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members ratified all conduct surrounding the occurrences alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Procedural and Substantive Due Process Rights)

9. To the extent that the Complaint seeks exemplary or statutory penalties of any kind, it violates Defendant's rights to procedural and substantive due process under the United States Constitution, Fifth and Fourteenth Amendments, and therefore fails to state a claim upon which punitive or exemplary damages or statutory damages may be awarded.

## NINTH AFFIRMATIVE DEFENSE
(Excessive Fines)

10. To the extent that the Complaint seeks exemplary or statutory penalties of any kind, it violates the prohibition against "excessive fines" of the United States Constitution, Eighth Amendment, and therefore fails to state a claim upon which statutory damages may be awarded.

## TENTH AFFIRMATIVE DEFENSE
(Compliance with Statute)

11. Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the purported class and subclass members.

## ELEVENTH AFFIRMATIVE DEFENSE
(No Injury)

12. The Complaint and each cause of action contained therein are barred because Defendant's alleged conduct did not injure, harm, or damage Plaintiff and the purported class and subclass members.

## TWELFTH AFFIRMATIVE DEFENSE
### (Prior Business Relationship)

13. The Complaint and each cause of action contained therein are barred to the extent that Plaintiff and the purported class and subclass members had prior established business relationships with Defendant and/or Defendant's agents and assigns.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Uncharged Calls Exempt)

14. The Complaint and each cause of action contained therein are barred as to any alleged cell phone calls received by the Plaintiff and the purported class and subclass members where the calls were not charged to them (e.g., unlimited cell phone plans), as uncharged calls are exempt from application of the TCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Business Practices)

15. The Complaint and each cause of action contained therein are barred because Defendant, pursuant to 47 U.S.C. § 227(c)(5), has established and implemented, with due care, reasonable practices and procedures to effectively prevent any telephone solicitations in violation of TCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Good Faith, Lack of Intention/Willfulness)

16. The Complaint and each cause of action contained therein are barred because any alleged actions by Defendant were taken in good faith; alleged violations, if any, were unintentional and resulted despite the existence of procedures reasonably adopted to avoid any violations of the TCPA.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

17. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members acquiesced to any alleged conduct of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Justification and Privilege)

18. The Complaint and each cause of action contained therein are barred because Defendant's alleged actions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff and the purported class and subclass members, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing its business.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Enjoinable Conduct/Mootness)

19. The Complaint and each cause of action contained therein are barred because the Complaint fails to show any entitlement to the remedy of injunctive relief, as it fails to state facts sufficient to show continuing wrongful acts, the threat of irreparable harm, the inadequacy of a legal remedy, or any reasonable likelihood of repetition of any alleged conduct actually established to be wrongful.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Private Right of Action)

20. The Complaint and each cause of action contained therein are barred because Plaintiff and the purported class and subclass members, as currently defined, lack a private right of action under 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

### TWENTIETH AFFIRMATIVE DEFENSE
### (Class Action Improper—Lack of Typicality)

21. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the FRCP, as Plaintiff's claims are not typical of the claims of the purported class and subclass members.

///
///
///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Class Action Improper—No Predominance of Common Questions)**

22. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the FRCP, as the questions of law and/or fact common to the purported class and subclass, if any, do not predominate over questions affecting individual members of the purported class and subclass.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Class Action Not Superior)**

23. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the FRCP, as class action treatment is not superior to individual resolution of claims.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Class Action Improper—Inadequate Representative)**

24. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the FRCP, as Vanessa Allen is not an adequate class representative.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Class Action Improper—No Ascertainable Class or Subclass)**

25. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the FRCP, as the putative membership in the class or subclass cannot be readily ascertained.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights and Additional Defenses)**

26. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have addition, as yet unstated, affirmative defenses available in this action. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class or subclass member, in the event any court certifies any class or subclass in this or any related or consolidated action, and further reserves any and all defenses applicable to adequate representation of any such class or subclass.

///

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That no class be certified in this action;
4. That Defendant be awarded all costs; and
5. That the Court award such other and further relief as it deems just and proper.

Dated: May 5, 2009

GORDON & REES LLP

By: /s/ Kevin W. Alexander
Kevin W. Alexander
Yuo-Fong C. Amato
Attorneys for DEFENDANT RICKENBACKER GROUP, INC., d.b.a. RICKENBACKER COLLECTION SERVICES