UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA S. ALLEN, *on behalf of herself and all others similarly situated*,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RICKENBACKER COLLECTION SERVICES,<br><br>　　　　　　　　　　　　　　　Defendant. | Civil No.　09cv410-L (POR)<br><br>**ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

　　　　On July 31, 2009, the Court held a Case Management Conference in this matter. Appearing before the Court were Joshua Swigart, Esq., counsel for Plaintiff; and Kevin Alexander, Esq., and Yuo-Fong Amato, Esq., counsel for Defendant. The case did not settle. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

　　　　1.　　The parties shall file a class certification motion on or before **March 1, 2010**.

　　　　2.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **October 5, 2009**.

　　　　3.　　On or before **November 3, 2009**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u> limited to retained experts. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is

expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **November 16, 2009**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **May 14, 2010**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

*Except as specifically provided below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

5. Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **May 28, 2010**.

6. All discovery, <u>except</u> expert discovery, shall be completed on or before **May 30, 2010**.  *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

7. All expert discovery shall be completed on or before **June 28, 2010**.

1       8.    All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **August 2, 2010**.

      Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  <u>Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to three months**</u>.  Please plan accordingly.

      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

      Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

      Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

      9.    Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6)(b).

      10.    All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 15, 2010**.  *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

      11.    Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **November 22, 2010**.  At this meeting, counsel shall discuss and attempt to enter into

1  stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange
2  copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be
3  prepared in accordance with Local Rule 16.1 (f)(3)(c).  Counsel shall note any objections they have
4  to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel
5  shall cooperate in the preparation of the proposed pretrial conference order.

6  12. The proposed final pretrial conference order, including objections any party has to
7  any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the
8  Clerk of the Court on or before **November 29, 2010**, and shall be in the form prescribed in and in
9  compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a copy of the pretrial order to the
10 pretrial conference for the Court.

11 13. The final pretrial conference shall be held before the **Honorable M. James Lorenz**,
12 United States District Court Judge, on **December 6, 2010**, at **11:00 a.m**.

13 14. The dates and times set forth herein will not be further modified except for good
14 cause shown.

15 15. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case
16 hereafter.

17
   DATED:  August 26, 2009
18
19                                                            _____
20                                                            LOUISA S PORTER
                                                              United States Magistrate Judge
21 cc:        The Honorable M. James Lorenz
              All parties
22
23
24
25
26
27
28